IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| RALPH O. STALSBERG, an individual; and LONNIE R. STALSBERG, as Trustee for the Ralph O. Stalsberg Irrevocable Trust I dtd. 9/28/2004,<br><br>    Plaintiffs,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY; AND NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,<br><br>    Defendants. | Civil No. 2:07-CV-29 BSJ<br><br>**ORDER** |

\* \* \* \* \* \* \* \* \*

This matter came before the court on Plaintiffs' Motion to Dismiss Counterclaim (dkt. no. 13) ("Plaintiffs' Motion to Dismiss") at a hearing on August 8, 2007.  (*See* Minute Entry for August 8, 2007 Hearing (dkt. no. 28).)  During the hearing, Erik A. Christiansen of Parsons Behle & Latimer appeared on behalf of plaintiffs Ralph O. Stalsberg, an individual, and Lonnie R. Stalsberg, trustee for the Ralph O. Stalsberg Irrevocable Trust I dtd. 9/28/2004, and Hamish P.M. Hume of Boies Schiller & Flexner, LLP and Scott M. Petersen of Fabian & Clendenin appeared on behalf of defendants New York Life Insurance Company and New York Life Insurance and Annuity Corporation ("NYLIAC") (collectively "New York Life").[1]  (*See id.*) Having considered the parties' briefs and arguments, as well as the law and facts relevant to Plaintiffs' Motion to Dismiss, the court enters the following Order.

---

[1] Robert Carmen, defendants' corporate counsel, was also present at the hearing.  (*See id.*)

On or around January 21, 2005, plaintiff Ralph O. Stalsberg applied for and was issued a life insurance policy by New York Life (policy number 56 734 134) in the face amount of $3,570,000 (the "Policy").  (Answer and Counterclaim for Declaratory Relief and Rescission (dkt. no. 11) ("Answer and Counterclaim") at 2 ¶ 1.)  In Count One of its counterclaim, NYLIAC claims that the Policy "lacks an insurable interest and is illegal under Utah law" and that the plaintiffs "made false representations in the [insurance] application as to the true owner and intended beneficiaries of the Policy either intentionally or negligently to induce NYLIAC to issue the Policy."  (*See id.* at 14-15 ¶¶ 32-39.)  Based on these allegations, NYLIAC seeks a declaration from the court that it is entitled to rescind, and has properly rescinded, the Policy.  In Count Two of its counterclaim, NYLIAC asks that in the event that the court determines that the remedy of rescission is not available in this case, the court declare that "the Policy was issued in violation of Utah's insurable interest statute" and "order that, at the time that payment of the Policy is required, the proceeds of the Policy must be paid over to persons having an insurable interest in the life of Mr. Ralph Stalsberg . . . ."  (*Id.* at 16-17 ¶¶ 44-45.)

In their motion to dismiss and supporting memorandum, the plaintiffs argue that under Utah law, rescission is not an available remedy for insurance policies found to lack an insurable interest and that therefore Count One of NYLIAC's counterclaim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  (Plaintiff's Motion to Dismiss; Memorandum of Plaintiffs in Support of Motion to Dismiss Counterclaim (dkt. no. 14) ("Plaintiff's Supporting Memorandum") at 1-7.)  In addition, the plaintiffs argue that NYLIAC lacks standing to pursue Count Two of its counterclaim because it "lacks any cognizable injury to support a claim for equitable redistribution of the life insurance proceeds" and because its "request for declaratory relief fails

the redressability requirement for standing under Article III." (Plaintiff's Supporting Memorandum at 8-9.)

Count One of NYLIAC's counterclaim alleges that the plaintiffs' made false and material misrepresentations in the application for the Policy. As discussed during the August 8, 2007 hearing and as alleged in its counterclaim, NYLIAC claims that misrepresentations were made regarding the true owner and the true beneficiary of the Policy and that but for those misrepresentations, it would not have issued the Policy. (*See* Answer and Counterclaim at 14-15 ¶¶ 33-39.) According to NYLIAC, because it was deceived by the plaintiffs' misrepresentations, it is entitled to rescind the Policy. Accepting the well-pleaded factual allegations in NYLIAC's counterclaim as true and viewing those allegations in the light most favorable to NYLIAC, the court concludes that at this point in the case, factual issues exist such that the court cannot determine that NYLIAC can prove no set of facts that would entitle it to relief under Count One of its counterclaim. *See Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). The court, therefore, denies Plaintiffs' Motion to Dismiss as it relates to Count One of NYLIAC's counterclaim.

With respect to Count Two of NYLIAC's counterclaim, the court concludes that at this point in time, such claim is not ripe for judicial decision. "It is well settled that an actual controversy is required in an action which arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 (1976). The express terms of this Act require that cases brought pursuant to it present an actual controversy, and not a mere abstract question." *Utah v. Andrus*, 636 F.2d 276, 278 (10th Cir. 1980). In determining whether there is an actual controversy, the court must

consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) ("The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.  It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." (citations omitted)).

In this case, it is undisputed that Ralph O. Stalsberg, the named insured of the Policy, still lives.  There is no pending claim for insurance proceeds.  Given these facts, NYLIAC cannot show there is an actual controversy.  Thus, its request that the court make a declaration or advise as to what should be done "at the time that payment of the Policy is required" is premature. Given the lack of an actual controversy with respect to Count Two of NYLIAC's counterclaim, the court grants Plaintiffs' Motion to Dismiss Count Two and does so without prejudice.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss is GRANTED without prejudice with respect to Count Two of NYLIAC's counterclaim and is DENIED with respect to Count One of NYLIAC's counterclaim.

DATED this \_\_\_\_ day of September, 2007.

                        BY THE COURT:

                        _____
                        Bruce S. Jenkins
                        United States Senior District Judge

DATED this 5th day of September, 2007.

BY THE COURT:

_____
Bruce S. Jenkins
United States Senior District Judge