ERIK A. CHRISTIANSEN (7372)
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT  84111
Telephone:  (801) 532-1234
Facsimile:  (801) 536-6111
Email: echristiansen@parsonsbehle.com
Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RALPH O. STALSBERG, an individual, LONNIE R. STALSBERG, AS TRUSTEE FOR, THE RALPH O. STALSBERG IRREVOCABLE TRUST I dtd. 9/28/2004,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY, NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,<br><br>Defendants. | **ANSWER OF PLAINTIFFS LONNIE R. STALSBERG, AS TRUSTEE, AND RALPH O. STALSBERG TO FIRST AMENDED COUNTERCLAIM**<br><br>Civil Action No. 2:07-cv-00029-BSJ<br><br>Judge: Hon. Bruce S. Jenkins |

COME NOW plaintiffs Lonnie R. Stalsberg, as Trustee of the Ralph O. Stalsberg Irreovcable Trust I and Ralph O. Stalsberg (collectively "Plaintiffs"), through counsel, and respectfully submit this answer to the first amended counterclaim of defendants New York Life Insurance Company and New York Life Insurance and Annuity Corporation (collectively "New York Life").  Unless specifically admitted, Plaintiffs deny each and every allegation in the counterclaim.  With respect to the enumerated allegations, the Plaintiffs admit, deny and allege as follows:

## INTRODUCTION

1.  Plaintiffs deny the allegations contained in paragraph 1 of the counterclaim.

2.  The allegations contained in paragraph 2 are legal conclusions which require no response. To the extent any response is required, Plaintiffs deny the allegations contained in paragraph 2 of the counterclaim.

3.  Plaintiffs admit that a life insurance policy was issued to the Ralph O. Stalsberg Irrevocable Trust I ("Stalsberg Trust") insuring the life of Ralph O. Stalsberg, and that the owner of the policy was the trustee of the Stalsberg Trust, Ralph Stalsberg's son. Plaintiffs deny the remaining allegations contained in paragraph 3 of the counterclaim.

## JURISDICTION

4.  Plaintiffs admit the allegations contained in paragraph 4 of the counterclaim.

5.  Plaintiffs admit the allegations contained in paragraph 5 of the counterclaim.

## THE APPLICATION

6.  Plaintiffs admit that a life insurance policy, policy # 56 734 134 (the "Policy"), was issued by New York Life on or about January 21, 2005 in the face amount of $3,570,000 insuring the life of Ralph O. Stalsberg, but deny the remaining allegations contained in paragraph 6 of the counterclaim. Answering further, Stalsberg Plaintiffs state that Ralph O. Stalsberg was 81 years old on the date the Policy was issued.

7.  The document referred to in the first sentence of paragraph 7 of the counterclaim speaks for itself and therefore, no further response is required.

8.  Plaintiffs deny the allegations contained in paragraph 8 of the counterclaim.

9. The document referred to in the first sentence of paragraph 9 of the counterclaim speaks for itself and therefore, no further response is required.  Plaintiffs deny the allegations contained in the second sentence of paragraph 9 of the counterclaim.

10. The document referred to in paragraph 10 of the counterclaim speaks for itself and therefore, no further response is required.

11. Plaintiffs are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the counterclaim.

12. The document referred to in paragraph 12 of the counterclaim speaks for itself and therefore, no further response is required.

13. The document referred to in paragraph 13 of the counterclaim speaks for itself and therefore, no further response is required.

14. The document referred to in paragraph 14 of the counterclaim speaks for itself and therefore, no further response is required.

15. The document referred to in paragraph 15 of the counterclaim speaks for itself and therefore, no further response is required.

16. Plaintiffs deny the allegations contained in paragraph 16 of the counterclaim. Answering further, Plaintiffs state that they are informed and belief that on April 21, 2005, LaSalle Bank National Association ("LaSalle") made one lump sum payment directly to New York Life for payment of premium of the Policy and that pursuant to Article 8 of the Uniform Commercial Code, LaSalle acts as securities intermediary and maintains a securities account to hold the Policy.

17. On information and belief, Plaintiffs admit the allegations contained in the first sentence of paragraph 17 of the counterclaim. Plaintiffs admit the allegations contained in the second sentence of paragraph 17 of the counterclaim.

18. Plaintiffs are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18 of the counterclaim.

19. Plaintiffs deny the allegations contained in paragraph 19 of the counterclaim.

20. The documents referred to in paragraph 20 of the counterclaim speak for themselves and therefore, no further response is required.

21. Plaintiffs deny the allegations contained in paragraph 21 of the counterclaim.

22. Plaintiffs admit that a life insurance policy dated January 26, 2005 insuring the life of Ralph O. Stalsberg was issued by Indianapolis Life Insurance Company in the face amount of $2,000,000, but are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 22 of the counterclaim.

23. Plaintiffs deny the allegations contained in paragraph 23 of the counterclaim.

24. Plaintiffs deny the allegations contained in paragraph 24 of the counterclaim.

25. The text of the statute referenced in paragraph 25 of the counterclaim speaks for itself and therefore, no further response is required. Plaintiffs deny the remaining allegations contained in paragraph 25 of the counterclaim.

26. The document referred to in paragraph 26 of the counterclaim speaks for itself and therefore, no further response is required.

27. Plaintiffs deny the allegations contained in paragraph 27 of the counterclaim.

28. Plaintiffs admit the allegations contained in paragraph 28 of the counterclaim.

29. The document referred to in paragraph 29 of the counterclaim speaks for itself and therefore, no further response is required.

## **COUNT I**
(Declaratory Judgment and Rescission; violation of insurable interest laws)

30. Plaintiffs reassert and incorporate by reference the responses set forth above in paragraphs 1 through 29.

31. Plaintiffs admit the allegations contained in paragraph 31 of the counterclaim.

32. Plaintiffs deny the allegations contained in paragraph 32 of the counterclaim.

33. The allegations contained in paragraph 33 are legal conclusions which require no response. To the extent any response is required, Plaintiffs deny the allegations contained in paragraph 33 of the counterclaim.

34. The allegations contained in paragraph 34 are legal conclusions which require no response. To the extent any response is required, Plaintiffs deny the allegations contained in paragraph 34 of the counterclaim.

35. The allegations contained in paragraph 35 are legal conclusions which require no response. To the extent any response is required, Plaintiffs deny the allegations contained in paragraph 35 of the counterclaim.

36. The allegations contained in paragraph 36 are legal conclusions which require no response. To the extent any response is required, Plaintiffs deny the allegations contained in paragraph 36 of the counterclaim.

37. The allegations contained in paragraph 37 are legal conclusions which require no response. To the extent any response is required, Plaintiffs deny the allegations contained in paragraph 37 of the counterclaim.

38. The allegations contained in paragraph 38 are legal conclusions which require no response. To the extent any response is required, Plaintiffs deny the allegations contained in paragraph 38 of the counterclaim.

39. Plaintiffs deny the allegations contained in paragraph 39 of the counterclaim.

40. Plaintiffs deny the allegations contained in paragraph 40 of the counterclaim.

## COUNT II
(Declaratory judgment and Rescission; misrepresentation)

41. Plaintiffs reassert and incorporate by reference the responses set forth above in paragraphs 1 through 40.

42. Plaintiffs deny the allegations contained in paragraph 42 of the counterclaim.

43. Plaintiffs are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 43 of the counterclaim.

44. The allegations contained in paragraph 44 are legal conclusions which require no response. To the extent any response is required, Plaintiffs deny the allegations contained in paragraph 44 of the counterclaim.

45. Plaintiffs deny the allegations contained in paragraph 45 of the counterclaim.

46. The allegations contained in paragraph 46 are legal conclusions which require no response. To the extent any response is required, Plaintiffs deny the allegations contained in paragraph 46 of the counterclaim.

47. Plaintiffs deny the allegations contained in paragraph 47 of the counterclaim.

48. Plaintiffs are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 48 of the counterclaim.

49. Plaintiffs deny the allegations set forth in paragraph 49 of the counterclaim.

50. Plaintiffs deny the allegations set forth in paragraph 50 of the counterclaim.

51. Plaintiffs deny the allegations contained in paragraph 51 of the counterclaim.

## COUNT III
(Declaratory judgment and Rescission; mistake)

52. Plaintiffs reassert and incorporate by reference the responses set forth above in paragraphs 1 through 51.

53. Plaintiffs deny the allegations set forth in paragraph 53 of the counterclaim.

54. Plaintiffs are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 54 of the counterclaim.

55. Plaintiffs deny the allegations set forth in paragraph 55 of the counterclaim.

56. Plaintiffs are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 56 of the counterclaim.

57. The allegations contained in paragraph 57 are legal conclusions which require no response. To the extent any response is required, Plaintiffs deny the allegations contained in paragraph 57 of the counterclaim.

58. Plaintiffs are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 58 of the counterclaim.

59. Plaintiffs deny the allegations set forth in paragraph 59 of the counterclaim.

60. The allegations contained in the first sentence of paragraph 60 are legal conclusions which require no response. To the extent any response is required, Plaintiffs deny the allegations contained in the first sentence of paragraph 60 of the counterclaim. Plaintiffs are without knowledge or information sufficient to form a belief as to the allegations set forth in the second sentence of paragraph 60 of the counterclaim.

61. Plaintiffs deny the allegations set forth in paragraph 61 of the counterclaim.

62. Plaintiffs deny the allegations set forth in paragraph 62 of the counterclaim.

63. Plaintiffs deny the allegations set forth in paragraph 63 of the counterclaim.

### **PRAYER FOR RELIEF**

64. Plaintiffs specifically deny that New York Life is entitled to rescission of the Policy, compensatory damages, attorneys' fees, costs, or to any other relief of any kind whatsoever.

### **AFFIRMATIVE DEFENSES**

1. The counterclaim fails to state a claim upon which relief may be granted.

2. The injuries, damages, and/or expenses alleged in the counterclaim were the direct and proximate result of the acts, omissions, negligence, fault and/or breach of duty of defendants.

3. The claims of defendants are barred, in whole or in part, by the doctrine of waiver.

4. The claims of defendants are barred, in whole or in part, by the doctrine of laches.

5. The claims of defendants are barred, in whole or in part, by the doctrines of fraud or unclean hands.

6. The claims of defendants are barred, in whole or in part, because they have made statements or taken actions which estop them from asserting their claims.

7. The injuries, damages, and/or expenses alleged in the counterclaim of defendants were the direct and proximate result of the acts, omissions, negligence, fault and/or breach of duty of third parties that caused or contributed to cause all, or a portion, of the claimed damages or liability, barring recovery or liability in whole or in part.

8. The injuries, damages, and/or expenses alleged in the counterclaim of defendants were caused solely by the superceding, intervening acts and conduct of the defendants, which intervened between the alleged acts and conduct of Stalsberg Plaintiffs and the claimed damages or liability, barring recovery or liability in whole or in part.

9. The claims of defendants are barred, in whole or in part, by their failure to mitigate such damages.

10. The claims of defendants are barred, in whole or in part, by the doctrines of ratification, consent and acquiescence.

11. Plaintiffs reserve the right to assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

WHEREFORE, Plaintiffs pray that this Court determine and adjudge:

(1) that the counterclaim be dismissed on the merits with prejudice;

(2) that defendants take nothing by their counterclaim;

(3) that defendants be directed to reinstate the Policy;

(3) that Plaintiffs be awarded its costs, disbursements, and attorneys' fees and expenses incurred herein;

(4) that Plaintiffs be awarded such other and further relief as the Court may deem proper.

DATED this 26th day of October, 2007.

/s/ Erik A. Christiansen
Erik A. Christiansen
PARSONS BEHLE & LATIMER
Attorney for Lonnie R. Stalsberg, as Trustee, and
Ralph O. Stalsberg

1013643.1                                       9

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

>David N. Kelley
>dkelley@fabianlaw.com; sjudd@fabianlaw.com
>
>Scott M. Petersen
>spetersen@fabianlaw.com; sjudd@fabianlaw.com

and I hereby certify that I have mailed the document by United States Mail, first-class postage prepaid, to the following non-CM/ECF participants:

>Hamish P.M. Hume
>Boies, Schiller & Flexner LLP
>5301 Wisconsin Avenue, N.W., Suite 800
>Washington, DC  20015

/s/ Carola M. Groos